UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT BOWLING GREEN

FILED
DISTRICT COURT CLERK
WESTERN DISTRICT OF KY
2016 APR 13 PM 12: 23

UNITED STATES OF AMERICA

v.

**CHRISTOPHER STEWARD**

NO. 1:16CR-14-GNS

INDICTMENT

18 U.S.C. § 982(a)(2)(B)
18 U.S.C. § 982(a)(7)
18 U.S.C. § 1028(b)
18 U.S.C. § 1028A
18 U.S.C. § 1347
21 U.S.C. § 841(a)(1)
21 U.S.C. § 841(b)(1)(C)
21 U.S.C. § 841(b)(2)
21 U.S.C. § 843(a)(3)
21 U.S.C. § 846
21 U.S.C. § 853

The Grand Jury charges:

## COUNT 1

On or about March 6, 2015, in the Western District of Kentucky, Barren County, Kentucky, the defendant, **CHRISTOPHER STEWARD**, knowingly and intentionally acquired possession of a controlled substance by misrepresentation, fraud, deception and subterfuge, to wit: **CHRISTOPHER STEWARD** wrote A.J. a prescription for zolpidem tartrate (Ambien), a Schedule IV controlled substance, and instructed A.J. to fill the prescription and leave the pills in A.J.'s mailbox so **CHRISTOPHER STEWARD** could retrieve them.

In violation of Title 21, United States Code, Section 843(a)(3).

The Grand Jury further charges:

## COUNT 2

On or about March 25, 2015, in the Western District of Kentucky, Barren County, Kentucky, the defendant, **CHRISTOPHER STEWARD**, knowingly and intentionally distributed and dispensed a controlled substance outside the course of professional medical practice, to wit: **CHRISTOPHER STEWARD** was going to write a prescription for A.J. for 30 Norco 10mg/325mg pills (hydrocodone), a Schedule II controlled substance, but when A.J. requested that **CHRISTOPHER STEWARD** write the prescription in D.J.'s name, so the prescription would not appear on A.J.'s KASPER report, **CHRISTOPHER STEWARD** agreed and wrote the prescription in D.J.'s name, and left the prescription in an envelope in an alley behind **CHRISTOPHER STEWARD'S** office for A.J. to retrieve.

In violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C).

The Grand Jury further charges:

## COUNT 3

On or about April 13, 2015, in the Western District of Kentucky, Barren County, Kentucky, the defendant, **CHRISTOPHER STEWARD**, knowingly and intentionally distributed and dispensed a controlled substance outside the course of professional medical practice, to wit: A.J. telephoned **CHRISTOPHER STEWARD** and asked for another prescription, and he agreed. **CHRISTOPHER STEWARD** asked A.J. what he had previously prescribed, because he could not remember, and A.J. told **CHRISTOPHER STEWARD** the previous prescription was for hydrocodone. A.J. later went to **CHRISTOPHER STEWARD's**

office to retrieve a prescription for 30 Norco 10mg/325mg pills (hydrocodone), a Schedule II controlled substance.

In violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C).

The Grand Jury further charges:

## COUNT 4

On or about and between June 2013 and July 2015, in the Western District of Kentucky, Barren County, Kentucky, the defendant, **CHRISTOPHER STEWARD**, knowingly and intentionally conspired with another person, known to the grand jury, to acquire and obtain possession of controlled substances by misrepresentation, fraud, deception and subterfuge, to wit: **CHRISTOPHER STEWARD** wrote prescriptions for triazolam and alprazolam, both Schedule IV controlled substances, in S.K.'s name. S.K. filled the prescriptions and gave the pills to **CHRISTOPHER STEWARD**.

In violation of Title 21, United States Code, Sections 843(a)(3) and 846.

The Grand Jury further charges:

## COUNT 5

On or about and between February 2013 and April 2015, in the Western District of Kentucky, Barren County, Kentucky, the defendant, **CHRISTOPHER STEWARD**, knowingly and intentionally conspired with another person, known to the grand jury, to acquire and obtain possession of controlled substances by misrepresentation, fraud, deception and subterfuge, to wit: **CHRISTOPHER STEWARD** wrote prescriptions for triazolam, alprazolam, and zolpidem tartrate, all Schedule IV controlled substances, and hydrocodone, a Schedule II controlled

substance, in J.K.'s name. J.K. filled the prescriptions and gave the pills to **CHRISTOPHER STEWARD**.

In violation of Title 21, United States Code, Sections 843(a)(3) and 846.

The Grand Jury further charges:

## COUNT 6

On or about June 6, 2015, in the Western District of Kentucky, Barren County, Kentucky, the defendant, **CHRISTOPHER STEWARD**, knowingly and intentionally distributed and dispensed a controlled substance outside the course of professional medical practice, to wit: **CHRISTOPHER STEWARD** wrote a prescription for S.K.2 for 30 alprazolam, a Schedule IV controlled substance, without S.K.2's knowledge or consent. That prescription was subsequently filled, again without S.K.2's knowledge or consent.

In violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(2).

The Grand Jury further charges:

## COUNT 7

On or about June 6, 2015, in the Western District of Kentucky, Barren County, Kentucky, the defendant, **CHRISTOPHER STEWARD**, knowingly and willfully executed a scheme to defraud Kentucky Medicaid, a health care benefit program, and to obtain, by means of false and fraudulent pretenses, representations, and promises, money owned by and under the custody and control of Kentucky Medicaid, a health care benefit program, in connection with the delivery of and payment for health care benefits, to wit: **CHRISTOPHER STEWARD** wrote a prescription for S.K.2 for 30 alprazolam, a Schedule IV controlled substance, without S.K.2's

knowledge or consent, and that prescription was subsequently filled and paid for by Kentucky Medicaid, through Coventry Managed Care.

In violation of Title 18, United States Code, Section 1347.

The Grand Jury further charges:

## COUNT 8

On or about June 6, 2015, in the Western District of Kentucky, Barren County, Kentucky, the defendant, **CHRISTOPHER STEWARD**, during and in relation to the health care fraud described in Count 7, knowingly possessed and used S.K.2's name, a means of identification of another person, without lawful authority.

In violation of Title 18, United States Code, Section 1028A.

## NOTICE OF FORFEITURE

If convicted of any of the offenses in violation of Title 18, United States Code, Sections 1028A, 1347, and Title 21, United States Code, Sections 843(a)(3), 841, and 846, as alleged in this Indictment, the defendant, **CHRISTOPHER STEWARD**, shall forfeit to the United States any property, real or personal, which constitutes or is derived from proceeds obtained, directly or indirectly, as the result of any such violation, and any property used or intended to be used, in any manner or part, to commit or to facilitate the commission of such violation, including but not limited to:

   a. Real Property, located at or near 212 Broadway, Street, Cave City, Kentucky 42127; and

   b. 2009 Ford F-150 White Pickup Truck, KY license plate #1701DS, VIN # 1FTPW14V29FA51129.

Pursuant to Title 18, United States Code, Sections 982(a)(2)(B), (a)(7), and 1028(b), and Title 21, United States Code, Section 853.

**REDACTED**

_____AUSA
JOHN E. KUHN, JR.
UNITED STATES ATTORNEY

JEK:DW:as:04072016

UNITED STATES OF AMERICA v. CHRISTOPHER STEWARD

## P E N A L T I E S

| | |
|---|---|
| Counts 1, 4 and 5: | NM 4 yrs./$250,000/both/NM 1 yr. Supervised Release (each count) |
| Counts 2 and 3: | NM 20 yrs./$1,000,000/both/NL 3 yrs. Supervised Release (each count) |
| Count 6: | NM 5 yrs./$250,000/both/NL 1 yr. Supervise Release/NM 3 yrs. Supervised Release |
| Count 7: | NM 10 yrs./$250,000/both/NM 3 yrs. Supervised Release |
| Count 8: | 2 yrs. (consecutive to Count 7)/$250,000/NM 1 yr. Supervised Release |
| Forfeiture | |

## N O T I C E

**ANY PERSON CONVICTED OF AN OFFENSE AGAINST THE UNITED STATES SHALL BE SUBJECT TO SPECIAL ASSESSMENTS, FINES, RESTITUTION & COSTS.**

**SPECIAL ASSESSMENTS**

18 U.S.C. § 3013 requires that a special assessment shall be imposed for each count of a conviction of offenses committed after November 11, 1984, as follows:

| | | | | |
|---|---|---|---|---|
| Misdemeanor: | $ 25 per count/individual | | Felony: | $100 per count/individual |
| | $125 per count/other | | | $400 per count/other |

**FINES**

In addition to any of the above assessments, you may also be sentenced to pay a fine. Such fine is due <u>immediately</u> unless the court issues an order requiring payment by a date certain or sets out an installment schedule. You shall provide the United States Attorney's Office with a current mailing address for the entire period that any part of the fine remains unpaid, or you may be held in contempt of court. 18 U.S.C. § 3571, 3572, 3611, 3612

<u>**Failure to pay fine as ordered may subject you to the following**</u>:

1. **INTEREST** and **PENALTIES** as applicable by law according to last date of offense.

    <u>For offenses occurring after December 12, 1987:</u>

    No **INTEREST** will accrue on fines under $2,500.00.

    **INTEREST** will accrue according to the Federal Civil Post-Judgment Interest Rate in effect at the time of sentencing. This rate changes monthly. Interest accrues from the first business day following the two week period after the date a fine is imposed.

    **PENALTIES** of:

    10% of fine balance if payment more than 30 days late.

    15% of fine balance if payment more than 90 days late.

2. Recordation of a **LIEN** shall have the same force and effect as a tax lien.

3. Continuous **GARNISHMENT** may apply until your fine is paid.

    18 U.S.C. §§ 3612, 3613

    If you **WILLFULLY** refuse to pay your fine, you shall be subject to an **ADDITIONAL FINE** of not more than the greater of $10,000 or twice the unpaid balance of the fine; or **IMPRISONMENT** for not more than 1 year or both. 18 U.S.C. § 3615

**RESTITUTION**

If you are convicted of an offense under Title 18, U.S.C., or under certain air piracy offenses, you may also be ordered to make restitution to any victim of the offense, in addition to, or in lieu of any other penalty authorized by law.  18 U.S.C. § 3663

**APPEAL**

If you appeal your conviction and the sentence to pay your fine is stayed pending appeal, the court shall require:

1. That you deposit the entire fine amount (or the amount due under an installment schedule during the time of your appeal) in an escrow account with the U.S. District Court Clerk, or

2. Give bond for payment thereof.

18 U.S.C. § 3572(g)

**PAYMENTS**

If you are ordered to make payments to the U.S. District Court Clerk's Office, certified checks or money orders should be made <u>payable to the Clerk, U.S. District Court</u> and delivered to the appropriate division office listed below:

| | |
|---|---|
| LOUISVILLE: | Clerk, U.S. District Court<br>106 Gene Snyder U.S. Courthouse<br>601 West Broadway<br>Louisville, KY  40202<br>502/625-3500 |
| BOWLING GREEN: | Clerk, U.S. District Court<br>120 Federal Building<br>241 East Main Street<br>Bowling Green, KY  42101<br>270/393-2500 |
| OWENSBORO: | Clerk, U.S. District Court<br>126 Federal Building<br>423 Frederica<br>Owensboro, KY  42301<br>270/689-4400 |
| PADUCAH: | Clerk, U.S. District Court<br>127 Federal Building<br>501 Broadway<br>Paducah, KY  42001<br>270/415-6400 |

If the court finds that you have the present ability to pay, an order may direct imprisonment until payment is made.

FORM DBD-34
JUN.85

No. 1:16CR-14-GNS

FILED
DISTRICT COURT CLERK
WESTERN DISTRICT OF KY
2016 APR 13 PM 12: 23

# UNITED STATES DISTRICT COURT
Western District of Kentucky
Bowling Green Division

THE UNITED STATES OF AMERICA

vs.

CHRISTOPHER STEWARD

# INDICTMENT
Title 21 U.S.C. §§ 843(a)(3); 841(a)(1); 841(b)(1)(C); 846; 841(b)(2);
Title 18 U.S.C. §§ 1347; 1028A:
Acquiring Possession of Controlled Substances by Misrepresentation, Fraud, Deception and Subterfuge; Distributing and Dispensing Controlled Substances Outside the Course of Professional Medical Practice; Conspiracy to Acquire Possession of Controlled Substances by Misrepresentation, Fraud, Deception and Subterfuge; Healthcare Fraud; Illegally Possessing and Using a Means of Identification of Another Person.

*A true bill.*

REDACTED

*Filed in open court this 13th day, of April, A.D. 2016.*

_____
Clerk

*Bail, $*